UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMERICAN NATURAL ENERGY                    CIVIL ACTION
CORPORATION

VERSUS                                     NUMBER: 04-3364

WORKSTRINGS, L.L.C., ET AL.                SECTION: "N"(5)


### REPORT AND RECOMMENDATION


     Presently before Court is the motion to assess attorney's fees
of defendant, Workstrings, L.L.C. ("Workstrings"), and plaintiff's
opposition thereto.  (Rec. docs. 183, 187).  For the reasons that
follow, it is recommended that defendant's motion be denied.

     Workstrings brings this motion to recover $5,119.36 in
attorney's fees incurred in collecting a past due balance on a
rental agreement with plaintiff herein, American Natural Energy
Corporation ("ANEC").  On September 20, 2004, ANEC leased a lower
kelly valve from Workstrings for use in the Exxon-Mobil Fee 2 Well
in St. Charles Parish.  A defect in the valve caused approximately
ten thousand feet of drill pipe to fall to the bottom of the well,

leading ANEC to plug and abandon the well.  ANEC filed the above-captioned lawsuit on December 9, 2004 against Workstrings, Superior Energy Services, Inc. ("SESI"), and Superior Energy Services, L.L.C. ("SESLLC"), claiming breach of contract, breach of implied warranty, negligence, and strict liability under LSA-C.C. Art. 2317.  (Rec. doc. 1).  Workstrings filed a counterclaim against ANEC seeking $336,547.71 in unpaid rental charges for the valve.  (Rec. doc. 5).  On plaintiff's motion, the district court dismissed ANEC's claims against SESI and SESLLC and, following a jury trial, held that Workstrings was not liable for the valve defect.  (Rec. docs. 95, 110, 176).  The district court also awarded Workstrings $237,075.51 on its counterclaim against ANEC, which was subsequently amended to $162,713.09 to reflect a price discount contained in the rental agreement.  (Rec. docs. 178, 189). Workstrings filed this motion seeking to recover attorney's fees pursuant to LSA-R.S. 9:2781.

Because the underlying lawsuit was brought pursuant to the Court's diversity jurisdiction, Louisiana law supplies the rule of decision.  See Blase Indust. Corp. v. Anorad Corp., 442 F.3d 235, 238 (5th Cir.), cert. denied, _____ U.S. _____, 127 S.Ct. 82 (2006).  Consequently, Louisiana law also controls any award of attorney's fees.  Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002).

Workstrings argues that the counterclaim against ANEC was a suit on an open account pursuant to R.S. 9:2781 and, therefore, attorney's fees should be awarded.  An open account is "... any account for which a part or all of the balance is past due, ..." regardless of whether the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.  LSA-R.S. 9:2781(D).  A claimant on an open account may recover reasonable attorney's fees if he or she receives no payment within fifteen days of service of citation and a petition.  LSA-R.S. 9:2781(C).

ANEC opposes Workstring's request for attorney's fees on two fronts.  First, ANEC argues that Workstrings' counterclaim as originally pled was for $336,547.71 but the jury ultimately awarded only $237,075.51 which was later reduced further to $162,713.09. Second, ANEC argues that R.S. 9:2781 is inapplicable here because Workstrings did not cite that statute or specifically base its counterclaim on the existence of an open account, instead raising the open account claim for the first time in the instant motion and thereby denying ANEC its right to a jury trial on that issue.

In its original answer and counterclaim, Workstrings sought "... $336,547.71, plus applicable taxes, plus attorney's fees, interest per the agreed upon rate and expenses and costs of litigation" based on four specific invoices. (Rec. doc. 5, pp. 5-

6).  Workstrings subsequently moved to amend its counterclaim "...
to reflect the proper dollar amount ... for unpaid invoices
submitted to ANEC", deleting one of the four invoices as having
been paid, reducing the amount of a second invoice from $65,052.18
to $6,552.18, and leaving the two other invoice amounts unchanged,
for a new total of $237,075.51.  (Rec. doc. 52, pp. 1, 6-7). On
April 18, 2006, the Court denied Workstrings' motion for leave
without prejudice as untimely. (Rec. doc. 77). In the joint pre-
trial order that was approved by the District Judge on May 4, 2006,
Workstrings was noted to have "... a counterclaim against ANEC for
payment of rental invoices" in the amount of "... $237,075.51)(as
well as expenses and attorney's fees) ...", for which it sought
judgment against ANEC for those "... unpaid invoices, expenses and
attorney's fees." (Rec. doc. 103, pp. 2, 6, 7).  The pre-trial
order further listed as contested issues of fact "[t]he amount of
damages, if any, to which Workstrings may be entitled on its
[c]ounterclaim" and "[w]hether Workstrings has invoiced ANEC the
sum of $244,247.02 which invoices remain unpaid." (Id. at p. 11).
Contested issues of law included "[w]hether ANEC is obligated to
Workstrings on Workstrings counterclaim" and "[t]he proper measure
of damages in connection with its counterclaim." (Id. at p. 13).
The parties' subsequent trial stipulations made no mention of any
invoices.  (Rec. docs. 151, 175).  The list of exhibits that were

4

offered at trial identifies only two invoices that were admitted as evidence: one labeled L5937 and dated December 22, 2004 and another labeled L5663 which was supposedly dated September 30, 2004 rather than October 2, 2004 as set forth in Workstrings' original and proposed amended counterclaims. (Rec. doc. 176-2, pp. 1, 3).

In order to recover attorney's fees in a suit on an open account under R.S. 9:2781, the petition must be correct in the amount set forth as being owed. Roy v. Gegenheimer, 573 So.2d 555, 556 (La. App. 5th Cir. 1991). Because R.S. 9:2781 is penal in nature, its terms must be strictly construed and its provisions fully complied with before a penalty award of attorney's fees can be made. Savant Insurance Services, Inc. v. Central Oil and Supply Corporation, 821 So.2d 623, 633 (La. App. 2nd Cir.), writ denied, 827 So.2d 1155 (La. 2002). The creditor seeking attorney's fees under R.S. 9:2781 bears the burden of proving that the written demand for payment made on the debtor correctly stated the amount owed. Southern Nights, inc. v. Barnett, 881 So.2d 1225, 1229 (La. App. 4th Cir. 2004).

Although Workstrings was ultimately awarded less on its counterclaim than it originally demanded, that fact standing alone is not dispositive. Southern Nights, 881 So.2d at 1229. Rather, the Court must determine whether Workstrings has carried its burden of showing that the amount it initially demanded correctly stated

5

the amount owed.  Id. On the record that is presently before it, the Court is unable to say that that weighty burden has been met. In its original counterclaim, Workstrings sought one amount based on four separate invoices.  It later unsuccessfully moved to amend that amount by deleting one of the four invoices in its entirety and by substantially reducing the sum reportedly due on a second one.  No explanation was given as to the correctness of the amount that Workstrings originally sought. The Court thus has no way of determining whether ANEC paid one invoice and a portion of a second one subsequent to service of the counterclaim upon it or whether the amount that Workstrings originally prayed for was simply incorrect at that point in time.  The pre-trial order that was later approved by the Court contained yet another figure as a disputed fact.  Ultimately, only two invoices were admitted into evidence at trial but the dollar amounts Workstrings had assigned to those invoices in its original counterclaim do not add up to the sum of money it was initially awarded or which was subsequently reduced by way of an amended judgment.  Because the strict requirements of R.S. 9:2781 have not been satisfied here, it will be recommended that defendant's motion to assess attorney's fees be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's

motion to assess attorneys' fees be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 10th day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

7